To The Court of Criminal Appeals                December 1, 2015
P.O. Box 12308
Austin, Texas 78711

Re: Request for filemark. Petitioner Pro-se motion for rehearing denied
    For Non Compliance 79.2(c) T.r.a.p. Correction

C.O.A.: 14-14-00530-CR

Style: Christopher Wesley Parks v. The State of Texas

Trial Court: 75th District Court Liberty County

Honorable Mark Morefield, Presiding

Dear Honorable Clerk

     Please find enclosed for filing Petitioner's Motion for rehearing

Petitioner Parks is requesting for said motion to be filed with the 75th

District Court of Liberty County, Texas for Honorable Judge Mark

Morefield to Consider Movants pleadings therein.

                              Respectfully Submitted,

                              _Chris Parks_____ Pro-se
                              Christopher Wesley Parks
                              TDCJ No: 1933982
                              810 F.M. 2821
                              Huntsville, Texas 77349

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 28 2015

Abel Acosta, Clerk

-i-
~ Clerks Cover Page

Identity of Parties an Counsel

Judge:

Honorable Mark Morefield, Presiding Judge
75th Judicial District
Liberty County, Texas
1923 Sam Houston, 3rd Floor
Liberty, Texas 77575
(936) 336-4678

Prosecutor:

Mr. Logan Pickett
Liberty County District Attorney
1923 Sam Houston, 1st Floor
Liberty, Texas 77575
(936) 336-4609

Defense Trial Counsel:

Mr. Dan Bradley
SBOT No. 00783703
P.O. Box 7107
Houston, Texas 77248
(713) 819-5529

Appellant:

Mr. Christopher Wesley Parks
Wynne Unit TDCJ
810 FM 2821
Huntsville, Texas 77349

Appellant Counsel:

Mr. Steven Green
P.O. Box 232
Anahuac, Texas 77514
(409) 267-6290
SBN 08395200

# Table of Contents

|  | Page |
|---|---|
| Identity of Parties And Counsel | 2 |
| Index of Authorities | 4 |
| Introductory Page | 5 |
| Statement Regarding Oral Argument | 6 |
| Statement of the Case | 7 |
| Statement of Procedural History | 8 |
| Grounds for Review | 8 |
| Arguement | 9 |

# Index of Authorites

## Case Law

Page

Acosta v. Turner
(5th Cir 1982)

9

Hernandez v. State
(Tex. CR. APP. 2005)

11

Santos v. Riviera
(5th Cir. 1991)

10

U.S. v. Haywood
(3rd Cir. 1998)

9

U.S. v O'brien
(130 S.Ct. 2169, 2180 (2010)

11

## Rules and Statutes

901 (d)  Tex R. Evid

6

No. 14-14-00538-CR

In The Court of Criminal Appeals

Austin, Texas

No. CR 30078

In the 75th District Court of

Liberty County, Texas

Christopher Wesley Parks                    Appellant
            Petitioner Pro-Se
V.

The State of Texas                          State

Motion for a Rehearing

To The Honorable Judges of the Court of Criminal Appeals.

Comes Now the Appealant by and through Pro-Se of

record on Appeal presents this Motion for Rehearing

Christopher Wesley Parks Pro-Se
TDCJ # 1933982
810 FM. 2821
Huntsville, Texas 77349

-5-

## Statement Regarding Oral Arguement

Appellant has not spoken to Legal Counsel to be Advised since the day of his Conviction and Clork handled paper work for his Appeal since trial Counsel had to Leave early to Houston an hour away (RR5-38 Line 15). Unknown Appeal Attorney sent sent Notification of Defendant's Appeal Notification that his Appeal has been submitted for review a month later.

Oral Arguement is requested for the Court to take Judicial Notice of New evidence discovered three days after trial. Defendant Notified the Court to take Judicial Notice July 10, 2015 of said evidence proving defendant was five miles away during Alleged first Abuse Acts "Garage on Kay Street 2007-2012" (RR6-55 L11)

As this Evidence "Home Video" videotaped at 2802 CR 603 provides conclusive Adjudicated facts that defendant was five miles Away during Alleged Acts 2007-2010 Pro-Se's Evidence can be provided Duces Tecum Tex. R. Evid 201 (d).

--6--

## Statement of the Case

This is an appeal from a Felony Conviction for the offense of Continuos Sexual Abuse of a Child (CR4, 131-132). Appellant was Arrested August 8, 2012, and suffered a Stroke June 21, 2013 and on October 1, 2013 based on a Medical Doctor the trial Court found Appellant incompetent to stand trial and to be confined to Vernons State Mental Hospital to determine the likelihood of competency to stand trial again (CR-18-A),

June 9, 2014 Defendant was determined to be Competent trial began with Jury to Assess Guilt-Innocence and on June 12, 2014 returned a guilty Verdict and Assessed punishment to Confinement in the Institutional Division of the Texas Department of Criminal Justice for Life (CR131) and defendants notice of right to appeal was filed same day. (CR-139-140).

## Statement of Procedural History

The Court of Appeals Memorandum Opinion No: 14-14-00530-CR overruled all of appellant's issues. And affirmed the trial courts Judgment August 13, 2015.

A Motion for Discretionary Review was filed September 18, 2015 PD-1213-15 And Refused November 4, 2015.

A. Motion for A Rehearing was filed November 12, 2015 And rejected for Non Compliane with Rule 79.2(c) T.R.A.P. November 20, 2015

## Grounds for review

.1) Competency - Constitutional Right to Due Process was violated when forced to stand trial after being determined to be incompetent.

.2) Extraneous offense - the court erred in Admitting extraneous offense.

.3) Jury Unanimity - Jury Unanimity Charge As Applied to Appellant was erroneous And cause egregious harm.

# I. Competency

Defendants Constitutional right to due process was violated when he was forced to stand trial after a history of determinations of incompetences. Defendant suffered Amnesia, Vertigo, and dyslectia from strokes while on duty at the U.S. Post Office and was found to be incompetent to work or handle his own finances by the Texas Department of Health Services # 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 April 2011-2015 for Organic Mental Defect cause by strokes "Mental Impairment" SSI

Defendant was given an overdose of Medication and suffered another stroke just before Trial. A Court appointed psychiatrist determined defendant was incompetent again October 1, 2013 and defendant was confined to Vernons State Mental Hospital until Competency could be restored February 2013 and was declared Competent to stand trial April 9, 2013. Defendant's opinion was that not had time to recover from Amnesia and Vertigo couldn't remember important information such as Addresses and Math (RR6-20LL13).

The court failed to hold Competency hearing after release from commitment followed Prior findings of Incompetencies.

U.S. v. Haywood 155 F.3d 674, 680-681 see also

Acosta v. Turner 666 F.2d 949, 956 (5th Cir. 1982)

## II. Extraneous Offense

Appellant contends trial court erred in admitting evidence of oral sex upon complainant when Appellant was not provided notice of extraneous offense of performing oral sex act upon the complainant. The oral sex was not introduced until trial because defendants accusers did not know about defendants erectile Dysfunction until trial (U.T.M.B. Galveston 721050Q Aug. 2007) and needed to extrapolate complainant had already made statement about erection to yet never mentioned Defendant's obvious physical Deformity "cyst in Groin".

None of the extraneous Alleged Acts for 2007-2010 was in the indictment or Amendments that defendant ever recieved before trial because bridgehaven wasn't through Interviewing and Investigating four a year after arrest (RR6-113 L9-13) yet oral sex "the worst thing ever" was not discovered in any investigation for two years until trial and also not in indictment. The indictment must be sufficiently specific to provide defendant with a Double Jeopardy defense Against future prosecutions. Santos v. Riviera, 183 F. 3d 367, 369 (5th Cir. 1999)

## III. Jury Unanimity

Appellant Argues the trial Courts Charge on jury unanimity was erroneous As applied to this Appellant and caused egregeous harm because Charge to not by An Additional by additional instruction limit the jury's consideration to the sex Abuse Allegation in the indictment but rather Allowed the jury to Consider the unalleged Allegation of Oral sex that was introduce At trial two years later After first Outcry. Hernadez v State 176 S.W. 3d 821.824

Thus the jury limited to A unamious finding As to the Allegation in the indictment by Windship Standard "bevond-A-reasonable doubt" be Able to prove by A perponderance of the evidence After the Court had been informed by Complainant's mother "We just got back from Louisiana" (RR5-17-18) When the Kids had urged defendant After stroke to be there July 26, 2012. U.S. v. O'brien 130 S ct. 2169, 2174

## Prayer

Wherefore, Premises, Conidered, Appellant Pro-se prays that his Petition be Granted and remand to District Court to Correct Appellant's Unlawful Confinement.

## Certificate of Service

I, Christopher W. Parks. TDCJ No. 1933982 certify that I have sent a "Original Copy" and "Original/Duplicate Copy" of Movants Pro-se Motion for Rehearing Via U.S. Mail to the following Parties:

Clerk of the 75th
Judicial District Court
1923 Sam Houston Rm 115
Liberty, Texas 77575

State Prosecuting Attorney
P.O. Box 13406
Austin. Texas 78711-3406

-File Mark Service Requested-

Executed on this the 14 Day of December, 2015

Chris Parks                Pro-se

Christopher Wesley Parks 1933982
810 FM 2821
Huntsville, Texas 77349

-12-

<u>UNSWORN Declaration under Penalty of Perjury</u>

<u>State law V.T.C.A. Civ. Prac. and Rem. Code § 132.001-132.003 / FED.LAW § 1746</u>

I, Christopher W. Parks TDCJ #1933982 Certify that I am currently incarcerated

At the John M. Wynne Unit 810 F.M. 2821 Huntsville, Texas 77349 Texas Department

of Criminal Justice Institutional Division, located in Walker County, Declare Under

Penalty of perjury that foregoing is true and Correct to the best of my knowledge.

Executed on this the 14 Day of December, 2015

_____ Pro-Se

Christoper Wesley Parks

TDCJ #1933982

810 F.M. 2821

Huntsville, Texas 77349

-13-

hristopher Wesley Parks #1933982
10 FM 2821
unlsville, Texas 77349-0001

Court of Criminal Appeals
P.O. Box 12308
Austin, Texas 78711